UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELIAS RODRIGUEZ,

                    Plaintiff,                      **MEMORANDUM & ORDER**

   -against-                                         25-CV-4660 (RER)(TAM)

NYPD P.O. JAMES ESSIG; ALBERTO LASMAN,

                    Defendants.
------------------------------------------------------------------X

**RAMÓN E. REYES, JR., District Judge:**

      Plaintiff, Elias Rodriguez, filed this complaint *pro se* pursuant to 42 U.S.C. § 1983 against two New York City Police Department police officers, James Essig and Alberto Lasman. (ECF No. 1 ("Compl.") at 5). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this order. (ECF No. 2). For the reasons discussed below, plaintiff's action is dismissed.

      The complaint provides minimal information, and it is difficult to ascertain the basis for his claim beyond his legal conclusion that the defendants violated his constitutional rights since 1991. To describe the facts underlying his claim on the Court's civil complaint form, plaintiff states in its entirety:

> Both James Essig and Alberto Lasman have been violating my constitutional rights since June 1991 and the courts have not prosecuted them at all. FBI agent John P. O'Neil put the agriculture in the system.

Compl. at 5.[1] The relief he seeks is equally incomprehensible:

> I have something stuck in my head and the giving all my colleagues false information about me. The both committed identify fraud with a dead person, currently mortgage fraud, bank

---

[1] The Court quotes all of Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

> fraud, identity fraud. I'm the dead person and in 1994 the killed me off with a luekimia scandal. Im a missing person.

*Id.* at 6.

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

A district court shall review an *in forma pauperis* action and dismiss it where it finds the action "(i) is frivolous or malicious"; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This action is frivolous. A court may dismiss a claim as "factually frivolous" if the sufficiently well-pleaded facts are "clearly baseless"—that is, if they are "fanciful," "fantastic." or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)) (quotation marks omitted). The Court finds that Rodriguez's allegations are fantastic and therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); *Denton,* 504 U.S. at 34 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

The Court has considered and declines to afford plaintiff an opportunity to amend this complaint, concluding that granting plaintiff leave to amend

would be futile. *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile."); *see also, Gonzales v. Wright*, 06-cv-01424 (JMH), 2010 WL 681323, at *12 (N.D.N.Y. Feb. 23, 2010) (noting that courts in the Second Circuit have consistently recognized that "it is utterly unjust to haul people into federal court to defend against, and disprove, delusions") (collecting cases).

## **CONCLUSION**

For the reasons stated above, this action is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment, close this case, mail a copy of this Order to plaintiff and to note the mailing on the docket.

SO ORDERED.


  /s/ Ramón E. Reyes, Jr.
RAMÓN E. REYES, JR.
United States District Judge


Dated: September 2, 2025
        Brooklyn, New York